# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD DIVISION

**CARLA K. REMY,**

      **Petitioner,**

v.                                                 **Case No. 1:19-cv-00422**

**WARDEN CARVER, FPC ALDERSON,**[1]

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **NOTIFY** Petitioner that her petition will be recharacterized as a motion under 28 U.S.C. § 2255; **PROVIDE** Petitioner with her options under *Castro v. United States*, 540 U.S. 375, 383 (2003); if Petitioner so agrees, **RECHARACTERIZE** her petition as a § 2255 motion and open a separate civil action in the Charleston Division, *nunc pro tunc* to May 31, 2019 (the date that the petition was received) for consideration of her claims thereunder by the sentencing court; and **DISMISS** this § 2241 petition and this civil action from the docket

---

[1] Due to the change in the Warden at FPC Alderson, the Clerk is directed to modify the docket sheet, including the short citation, to reflect that the new respondent herein is "Warden Carver, FPC Alderson."

of the court. Even if Petitioner does not agree to such recharacterization, this matter should still be **DISMISSED** because the court lacks jurisdiction to consider Petitioner's claims under § 2241.

## BACKGROUND AND PETITIONER'S CLAIM

### A.   Petitioner's conviction and direct appeal proceedings.

On January 22, 2019, subsequent to the denial of her motion to suppress evidence, Petitioner pled guilty, without the benefit of a written plea agreement, in this United States District Court to one count of conspiracy to distribute 50 grams or more of methamphetamine and one count of aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2. *United States v. Remy*, No. 2:18-cr-00201, ECF No. 37 (S.D.W. Va. Jan. 22, 2019) (Goodwin, J.). On April 18, 2019, Petitioner was sentenced to serve concurrent 87-month terms of imprisonment, followed by a three-year term of supervised release. *Id.*, ECF No. 45.

On May 2, 2019, Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit contending that her plea was not knowing and voluntary because the district court did not advise her during the Rule 11 hearing that by pleading guilty, she would not be able to appeal the denial of her motion to suppress. On December 11, 2019, the Fourth Circuit affirmed the judgment of the district court finding no plain error. *United States v. Remy*, No. 18-4314 (4th Cir. Dec. 11, 2019). Petitioner did not file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 prior to filing the instant petition under 28 U.S.C. § 2241.

### B. Petitioner's section 2241 petition.

Petitioner filed the instant petition on May 31, 2019 asserting three claims: (1) ineffective assistance of counsel grounded in the failure to advise Petitioner that, by pleading guilty, she was waiving the right to challenge the denial of her motion to suppress evidence; (2) trial court error in denying the motion to suppress; and (3) waiver of the right to appeal the denial of the motion to suppress was not knowing and voluntary. (ECF No. 1 at 6). Because it is apparent from the face of the petition that the court lacks jurisdiction to consider the petition under § 2241, the undersigned has not required the respondent to respond.

## ANALYSIS

### A. Petitioner is not entitled to relief under section 2241.

Petitioner's claims clearly challenge the validity of her convictions, and not the manner in which her sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. Since Petitioner was convicted in this district and is also incarcerated herein, the matter is filed in the correct court and the only issue is whether her motion should be entertained under § 2255 or § 2241.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255, unless Petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of her detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In*

3

*re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id*. at 332.

Thus, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of her detention in order that she may pursue such relief under § 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under § 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

However, in the instant matter, Petitioner is not relying on any change in substantive law since the time of her conviction. Thus, she cannot satisfy the *Jones* criteria. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated that § 2255 is inadequate or ineffective to test the

legality of her detention and, thus, her claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review her claims under § 2241.

Inasmuch as Petitioner's claims are not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Because her petition was filed on May 31, 2019, within the one-year time period that she could have filed a timely § 2255 motion, the court may construe the petition as a timely first § 2255 motion.

Motions for collateral relief filed under § 2255 must comply with a one-year time limit that begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's claims appear to be timely under subsection (f)(1) because her judgment was not yet final when she filed the instant petition. Thus, this court could recharacterize the petition as a § 2255 motion.

However, because Petitioner is proceeding *pro se*, if the presiding District Judge construes her claims for relief as a motion under § 2255, the court must first notify her that "it intends to recharacterize the pleading, warn [her] that this recharacterization

means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide [her] an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims [she] believes [she] has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also United States v. Wilkes*, 796 F. App'x 183, 184 (4th Cir. 2020) (advising the district court on remand to provide warnings pursuant to *Castro*); *Tucker v. Young*, No. 5:20-cv-00297, 2020 WL 9455056, *5 (S.D.W. Va., Dec. 4, 2020), *report and recommendation adopted by* 2021 WL 1823009 (S.D.W. Va., May 06, 2021).  Petitioner should also be advised that a "second or successive" motion under § 2255 requires certification by the appropriate Court of Appeals, pursuant to 28 U.S.C. § 2244, that it meets a narrow set of criteria for consideration, "thus presenting an additional procedural hurdle and severely limiting the ability of the movant to mount successive challenges to his or her conviction and sentence."  *See* 28 U.S.C. § 2255(h); *Tucker*, 2020 WL 9455056 at *5.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **NOTIFY** Petitioner that her petition will be recharacterized as a motion under 28 U.S.C. § 2255; **PROVIDE** Petitioner with her options under *Castro v. United States*, 540 U.S. 375, 383 (2003); if Petitioner so agrees, **RECHARACTERIZE** her petition as a § 2255 motion and open a separate civil action in the Charleston Division, *nunc pro tunc* to May 31, 2019 (the date that the petition was received) for consideration of her claims thereunder by the sentencing court; and **DISMISS** this § 2241 petition and this civil action from the docket of the court.  Even if Petitioner does not agree to such recharacterization, this matter should still be **DISMISSED** because the court lacks

jurisdiction to consider her claims under § 2241.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

December 10, 2021

Dwane L. Tinsley
United States Magistrate Judge