IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CARLA K. REMY,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:19-00422

WARDEN CARVER, FPC ALDERSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation ("PF&R") regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on December 10, 2021, in which he recommended that the district court notify Remy that her petition under 28 U.S.C. § 2241 will be characterized as a motion under 28 U.S.C. § 2255; provide her with her options under Castro v. United States, 540 U.S. 375, 383 (2003); if plaintiff agrees, recharacterize her petition as a § 2255 motion and open a separate civil action in the Charleston Division, nunc pro tunc to May 31, 2019 (the date the petition was received) for consideration of her claims thereunder by the sentencing court; and dismiss this § 2241 petition and this civil action from the docket of the court.  In the event that Remy does not agree to recharacterization, the PF&R recommended that the petition be dismissed for lack for jurisdiction.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).  Plaintiff did not file objections within the requisite time nor did she indicate whether she agreed to recharacterization of her § 2241 as a § 2255.

Thereafter, by Memorandum Opinion and Order entered on February 2, 2022, the court once again informed plaintiff that she had until February 24, 2022, to let the court know whether she wished to recharacterize her motion.  In the event she failed to do so, the court further informed plaintiff that this matter would be dismissed.  Plaintiff has failed to file anything further in this matter.  Therefore, this matter is hereby **DISMISSED** for lack of jurisdiction and the Clerk is directed to remove the case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the

constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se,* and counsel of record.

**IT IS SO ORDERED** this 22nd day of March, 2022.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge

---

* The BOP Inmate Locator indicates that Remy is located at RRM Pittsburgh.